[No. 6594–1. Division One. October 15, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT WALTER GONZALES, *Appellant*.

438

*Bruce D. MacLean,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Michael D. McKay, Deputy,* for respondent.

FARRIS, J.—Robert Walter Gonzales appeals his convictions for assault in the second degree while armed with a deadly weapon and possession of stolen property in the third degree. We affirm.

On October 19, 1977, a plainclothes security officer for a downtown department store saw Gonzales emerge from the rear of the men's outerwear department with a bulge under his overcoat and leave the store. The security officer, who had arrested Gonzales for shoplifting on two prior occasions, followed him to a barber shop. Gonzales entered the shop and sat down. The security officer returned to the department store where he determined that a leather coat was missing from the men's outerwear department.

Returning toward the barber shop, the security officer approached Gonzales on the street, identified himself as a store security officer and asked for the coat. Gonzales produced the leather coat from under his overcoat and the security officer, who was not armed, asked Gonzales to accompany him back to the store. When Gonzales tried to run away, the security officer grabbed him by the arm. Gonzales then displayed a knife and waved it at the security officer, who released Gonzales. Gonzales fled, but was subsequently arrested by police.

Gonzales contends that his arrest was unlawful and, therefore, (1) he had a legal privilege to use force in resisting his arrest by the security officer and (2) the evidence of his possession of the coat should have been suppressed.

At common law in general, a private person may arrest for a misdemeanor only if it constitutes a breach of the peace and is committed in his presence. 5 Am. Jur. 2d *Arrests* § 35 (1962). Numerous states, however, have statutes which permit the owner of a mercantile establishment or his employee to arrest for shoplifting committed in his presence. *See, e.g., People v. Zelinski,* 24 Cal. 3d 357, 594 P.2d 1000, 155 Cal. Rptr. 575 (1979); *State v. McDaniel,* 44 Ohio App. 2d 163, 337 N.E.2d 173 (1975). In states without such laws, courts have recently indicated that such arrests may be made under a common–law right. *See Boquist v. Montgomery Ward & Co.,* 516 S.W.2d 769 (Mo. Ct. App. 1974); *State v. De Santi,* 8 Ariz. App. 77, 443 P.2d 439 (1968); *State v. Parker,* 378 S.W.2d 274 (Mo. Ct. App. 1964); *Ira v. Columbia Food Co.,* 226 Ore. 566, 360 P.2d 622 (1961). While Washington has no statute concerning citizen arrests, the common law is applicable where not repugnant to the provisions of the state constitution or statutes. RCW 9A.04.060. The owner of a mercantile establishment or his employee may make a warrantless arrest of a thief whom he has observed shoplifting, even though no breach of the peace has occurred. This interpretation of the common law is in conformity with the Washington statutes granting civil

and criminal immunity from liability to owners and authorized employees of mercantile establishments in actions arising from the reasonable detention of suspected shoplifters. *See* RCW 4.24.220; RCW 9A.16.080.

Here the security officer observed Gonzales leaving the store with a bulge under his overcoat. His conclusions were confirmed when Gonzales produced the missing leather coat from under his overcoat upon request. His subsequent arrest of Gonzales was lawful.

■ Further, Gonzales exceeded his legal privilege to resist the arrest even if it was unlawful. As stated in *State v. Rousseau*, 40 Wn.2d 92, 95, 241 P.2d 447 (1952):

> [T]he force used in resisting an unlawful arrest must be reasonable and proportioned to the injury attempted upon the party sought to be arrested, and he cannot use or offer to use a deadly weapon if he has no reason to apprehend a greater injury than a mere unlawful arrest.

There is nothing in the record which would justify Gonzales' threat to use his knife.

■ The arrest was lawful and therefore the trial court properly denied Gonzales' motion to suppress evidence of his possession of the leather coat. Further, the fourth amendment to the United States Constitution, and the exclusionary rule thereunder, applies to state action only and not to the actions of private citizens. *Burdeau v. McDowell*, 256 U.S. 465, 65 L. Ed. 1048, 41 S. Ct. 574 (1921). There is no prohibition against the State's use of evidence or information obtained by a private citizen, even though by unlawful means, unless the actions of the private citizen were in some way "instigated, encouraged, counseled, directed, or controlled" by the State or its officers. *State v. Agee*, 15 Wn. App. 709, 713–14, 552 P.2d 1084 (1976). There is nothing in the record which indicates or even suggests that the State instigated, encouraged, counseled, directed or controlled the actions of the security officer here.

■ Gonzales contends that private security officers in Washington are agents of the State by virtue of RCW

9A.16.080 and RCW 4.24.220, which bestow upon merchant security forces an immunity from liability for both criminal and civil prosecutions for false arrest or false imprisonment. We disagree. *See People v. Cheatham,* 263 Cal. App. 2d 458, 69 Cal. Rptr. 679 (1968). We are aware of the recent decision of the California Supreme Court in *People v. Zelinski, supra,* but do not consider the arguments presented therein since here the private security officer "simply . . . demanded the return of the stolen merchandise." *People v. Zelinski, supra* at 367.

Affirmed.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied January 29, 1980.

Review denied by Supreme Court May 23, 1980.