688 P.2d 1187

The STATE of Idaho, Plaintiff-Respondent,

v.

Jan RUHTER, Defendant-Appellant.

No. 15179.

Supreme Court of Idaho.

Sept. 27, 1984.

Michael Powers, Twin Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., P. Mark Thompson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

HUNTLEY, Justice.

On December 17, 1982, Nevada Highway Patrol Officer Charles Stamey observed Jan Ruhter driving north on highway 93 in Nevada towards the Idaho border. The officer observed the vehicle weaving. With lights flashing and siren wailing, he followed Ruhter into the state of Idaho, stopping him approximately one-and-a-half miles north of the border. At trial Stamey testified that Ruhter's eyes were bloodshot, his speech was very slurred and that he lacked physical coordination. He detained Ruhter for approximately 45 minutes until Idaho State Patrol Corporal Morgensen arrived at the scene. Morgensen also testified that Ruhter appeared to be inebriated. Morgensen took Ruhter into custody and took him to the Twin Falls County Sheriff's office. He was administered a field sobriety test at that point, which he failed. He was charged with driving while under the influence of intoxicating beverages, pursuant to I.C. § 49–1102. A court trial was held and Ruhter was convicted. This appeal ensued.

Ruhter contends that the conviction must be overturned for two reasons: (1) the arrest by the Idaho officer was illegal because no felony was committed in the officer's presence, and a warrantless arrest for a misdemeanor requires that the misdemeanor have been committed in the officer's presence; and (2) the initial stop and detention by the Nevada officer was illegal because the "fresh pursuit doctrine" applies only when a felony has been committed.

We turn first to the question of whether the arrest by the Idaho State Patrol officer was legal. I.C. § 19–603(4) provides that a peace officer may make a warrantless arrest "[o]n a charge made, upon a reasonable cause, of the commission of a felony by the party arrested." Driving while under the influence of alcohol is treated as a felony for the purpose of arrest. I.C. § 49–1109(a)(2).

Corporal Morgensen had reasonable cause to believe that Ruhter was driving while intoxicated, and therefore the arrest was legal. Corporal Morgensen testified that he had personally observed Ruhter in what he judged to be an inebriated state, after Ruhter had told him that he, Ruhter, had driven the car to the spot where it was then located. Furthermore, Morgensen had the benefit of Officer Stamey's observations and assessment of Ruhter's driving.

Ruhter's second contention is similarly without merit. Law enforcement officials from other jurisdictions may enter Idaho in fresh pursuit of, and arrest, a person who is believed to have committed a felony in the other jurisdiction. I.C. § 19–701. The pursuit and detention of Ruhter by Officer Stamey was legal, as Nevada

also treats driving while intoxicated as a felony for the purpose of arrest. As in Idaho, a peace officer may arrest without a warrant if the officer has reasonable cause to believe the person is, or has been, driving while intoxicated. Nev.Rev.Stat. 484.-791(1)(b). Therefore, the pursuit and detention of Ruhter was lawful according to I.C. § 19–701.

Judgment of conviction affirmed.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.