[No. 52330–4. En Banc. September 4, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. JOHNNY LEE MALONE, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Phillip J. Wetzel* and *Dennis J. O'Shea, Deputies,* for appellant.

*Richard L. Cease, Public Defender,* and *George A. Marlton, Assistant,* for respondent.

PEARSON, J.—The issue of this case is the application of the felony of "attempting to elude a police vehicle" (RCW 46.61.024) to Johnny Lee Malone, who entered the State of Washington driving 75 m.p.h. and pursued by an Idaho sheriff's deputy. We hold that the statute can apply when an officer drives a plainly marked police vehicle and activates his lights and siren during a chase in Washington even if the officer has no authority, other than as a private citizen, to make an arrest in this state. Accordingly we reverse the dismissal by the trial court and remand this case for further proceedings.

I

The record reveals egregious conduct by Malone. On

October 13, 1984, Kootenai County Sheriff's Deputy Benton E. Wolfinger observed Johnny Lee Malone driving a semi-tractor trailer westbound on an Idaho State Highway at approximately 75 m.p.h. Deputy Wolfinger pursued the defendant from that point into Washington State. Deputy Wolfinger was in uniform, driving a properly marked Kootenai County Sheriff's vehicle, and had his lights and siren activated during the entire chase.

Malone continued to drive at 75 m.p.h. after he entered Washington. Even though it was dark, he turned off all of his lights and aimed a spotlight at the windshield of Deputy Wolfinger's vehicle. As he drove he straddled the center line of the road. Other vehicles were forced to pull off the road to avoid being struck by his truck.

Malone led the chase onto Interstate 90. Spokane County deputies responded to Deputy Wolfinger's radioed request for assistance and joined the chase at I-90 and Pines Road. Malone brought his truck to a stop shortly after the Spokane officers appeared.

On December 11, 1984, Malone was charged by information in Spokane County under RCW 46.61.024 for eluding a police vehicle. On March 11, 1985, the trial court dismissed the information for failing to properly state a charge. The State appealed the dismissal to Division Three of the Court of Appeals. The Court of Appeals certified the case to this court; on December 11, 1985 this court accepted certification.

## II

The parties agree that Deputy Wolfinger possessed no authority as an officer to arrest Malone in Washington.[1] The fresh pursuit statute, RCW 10.89.010, authorizes peace officials from foreign jurisdictions to make arrests within

---

[1]Deputy Wolfinger did have authority to make a citizen's arrest of Malone. Under the common law an individual can make a citizen's arrest when a felony or a misdemeanor that constitutes a breach of the peace is committed in that individual's presence. *See State v. Miller,* 103 Wn.2d 792, 698 P.2d 554 (1985); *State v. Gonzales,* 24 Wn. App. 437, 604 P.2d 168 (1979).

Washington only when they enter Washington in pursuit of a suspected felon. Officer Wolfinger had no reason to suspect that Malone had committed a felony; eluding a police officer is not a felony in Idaho.

The issue thus presented by this case is whether RCW 46.61.024, which makes eluding a "pursuing police vehicle" a class C felony, can apply when the vehicle belongs to an Idaho officer who has no authority to make an arrest in Washington. RCW 46.61.024 provides that:

> Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others while attempting to elude a pursuing *police vehicle,* after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the *police officer* may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.

(Italics ours.) No provision in RCW Title 46, the motor vehicle code, defines "police vehicle." However, one provision defines "police officer":

> Police officer means every officer authorized to direct or regulate traffic or to make arrests for violations of traffic regulations.

RCW 46.04.391.

■■ Our analysis of RCW 46.61.024 must begin with its language. Words in a statute should be given their plain and ordinary meaning unless a contrary legislative intent appears. *Strenge v. Clarke,* 89 Wn.2d 23, 569 P.2d 60 (1977). Moreover, this court cannot read into a statute that which does not appear. *Automobile Drivers Local 882 v. Department of Retirement Sys.,* 92 Wn.2d 415, 598 P.2d 379 (1979), *cert. denied,* 444 U.S. 1040, 62 L. Ed. 2d 726, 100 S. Ct. 724 (1980). Here, neither RCW 46.61.024 nor the definition of RCW 46.04.391 limit the terms "police vehicle" or "police officer" to Washington vehicles or officers. Nothing in either statute suggests that the terms do not

encompass vehicles or officers of other jurisdictions. The language alone thus indicates that the statute can apply in this case.

Next we consider the policy behind RCW 46.61.024. The duty of this court in interpreting a statute is to give effect to the intent and purpose of the legislation as expressed in the act as a whole. *Condit v. Lewis Refrigeration Co.*, 101 Wn.2d 106, 676 P.2d 466 (1984). Both the language and the legislative history of RCW 46.61.024 indicate that the Legislature enacted the statute to address the dangers of high–speed chases. *See, e.g.*, House Comm. on the Judiciary, Report on House Bill 2468, 46th Legislature (1979). In this case Malone's extreme recklessness during the high–speed chase by Deputy Wolfinger threatened the lives of Washington citizens. Malone's conduct clearly falls into the behavior that the Legislature intended to address when it enacted RCW 46.61.024.

We conclude that the term "police vehicle" as used in RCW 46.61.024 can include a vehicle from a foreign jurisdiction. We also conclude that the term "police officer" as used in RCW 46.61.024 can include an officer whose authority to make an arrest is limited to a foreign jurisdiction. We agree with the Court of Appeals that the issue under RCW 46.61.024 is the nature of the defendant's behavior *after* the police initiate a stop, not whether the officer has authority to make the stop. *State v. Brown,* 40 Wn. App. 91, 94, 697 P.2d 583 (1985). "The modern trend has been toward requiring submission to a known peace officer, even when the arrest is unlawful, in the interest of keeping the peace." W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Torts* § 26, at 156 (5th ed. 1984). We also agree with another Court of Appeals decision that the police power can lawfully extend to prohibiting flight from an unlawful detention where that flight indicates a wanton and willful disregard for the life and property of others. *State v. Mather,* 28 Wn. App. 700, 703, 626 P.2d 44 (1981). *See also State v. Owens,* 39 Wn. App. 130, 692 P.2d 850 (1984).

We would undermine the purpose and the effectiveness of RCW 46.61.024 if we ruled that it does not apply in this case. Johnny Lee Malone threatened the lives of Washington citizens when he attempted to elude Idaho Deputy Wolfinger by driving recklessly in Washington. The Legislature intended to address the dangers of high–speed chases when it enacted RCW 46.61.024. In the circumstances of this case we conclude that RCW 46.61.024 should control. For these reasons we reverse the trial court's dismissal of charges against Malone and remand the case for further proceedings.

DOLLIVER, C.J., BRACHTENBACH, ANDERSEN, CALLOW, and DURHAM, JJ., and HAMILTON, J. Pro Tem., concur.

DORE, J. (dissenting)—The statute in question, RCW 46.61.024, makes attempting to elude a police vehicle, after being given a signal to stop by a police officer, a felony. The majority holds that this statute applies where an officer from a foreign jurisdiction, with no authority to either pursue or arrest a suspect in Washington, attempts to stop a motorist on Washington highways. Because neither common sense nor statutory construction supports this conclusion, I dissent.

The parties agree that the Idaho deputy sheriff possessed no authority to arrest the defendant in the state of Washington. The Uniform Act on Fresh Pursuit, RCW 10.89-.010–.070, authorizes peace officers from foreign jurisdictions to make arrests within Washington only when they enter Washington in pursuit of a *suspected felon.* The Idaho peace officer had no reason to suspect that the defendant had committed a felony. Unlike Washington, eluding a police officer is not a felony in the State of Idaho.

Nonetheless, the majority finds a violation of RCW 46.61.024 based on the fact that the Idaho peace officer was operating a "police vehicle" in pursuit of the defendant in Washington, and on the policy of the statute to deter high speed police chases in our state.

Although it is arguable that a police vehicle from another jurisdiction is a police vehicle under the terms of RCW 46.61.024, it cannot be contended that the Idaho deputy sheriff is a police officer under the terms of the statute. A police officer is defined as "every officer authorized to direct or regulate traffic or to make arrests for violations of traffic regulations." RCW 46.04.391. A clearer legislative declaration could not be imagined; the Idaho deputy sheriff simply had no authority to perform these functions in Washington except pursuant to the Uniform Act on Fresh Pursuit.

The public policy of deterring high speed chases is also furthered by prohibiting officers of foreign jurisdictions from pursuing motorists into the state of Washington unless suspected of committing a felony. The Uniform Act on Fresh Pursuit is a declaration of the Legislature's public policy in this area. So long as the motorist is not a suspected felon, the foreign jurisdiction peace officer has no authority of pursuit across our borders and cannot function as a police officer in this state.[2]

I would hold that the defendant did not violate RCW 46.61.024 by failing to stop when given that command by an individual who lacked such authority in this jurisdiction. I am in sympathy with the majority's "do good" approach, but it cannot be legally justified.

I would affirm the trial court's dismissal of the information for failing to properly state a charge.

GOODLOE, J., concurs with DORE, J.

---

[2]I also note with interest that nothing in the majority's reasoning would differentiate between foreign peace officers who pursue suspects into this state and foreign peace officers who simply decide, while in this state, to carry out unauthorized police business. I would hold that foreign peace officers are police officers for purposes of RCW 46.61.024 only when they are authorized to arrest persons in this state. As noted above, the only statute which might provide such authorization, the Uniform Act on Fresh Pursuit, only allows foreign peace officers to pursue fleeing *felons* into this state.