[No. 10789-2-III.   Division Three.   December 10, 1991.]

THE CITY OF CLARKSTON, *Petitioner*, v. ROBERT C. STONE, *Respondent*.

*Scott C. Broyles* and *Arnold & Broyles,* for petitioner.

*David A. Gittins* and *Little, Pike & Gittins,* for respondent.

GREEN, J.* — Discretionary review was granted of the Superior Court's affirmance of a district court order suppressing evidence supporting a citation issued to Robert C. Stone for driving while under the influence. We find no error and affirm.

On August 23, 1989, a Clarkston police officer clocked a vehicle in the 100 block of Bridge Street going 43 m.p.h. in a 25 m.p.h. zone. He followed the vehicle across the bridge into Idaho where the vehicle was stopped. After the driver identified himself as Robert Stone, the officer suspected he was under the influence of alcohol and requested him to perform field sobriety tests. The officer issued a citation to Mr. Stone for driving while under the influence, returnable to the Asotin County District Court in Clarkston. Mr. Stone moved to suppress the evidence supporting the citation on the basis the officer did not have jurisdiction to issue the citation in Idaho. The motion was granted and the citation was dismissed. The City appealed to superior court which affirmed the dismissal.

The sole issue is whether a Washington peace officer has jurisdiction to issue a citation in Idaho.

■ The City contends the Uniform Act on Fresh Pursuit, RCW 10.89, enacted in both Washington and Idaho, pro-

---

*Judge Dale M. Green is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

vides authority for the extrajurisdictional arrest, which it argues applies to the citation issued here. We disagree.

Idaho Code § 19-701 (1987) provides:

> Any member of a duly organized state, county, or municipal peace unit of another state of the United States who enters this state in fresh pursuit and continues within this state in such fresh pursuit, of a person in order to arrest him on the ground that he is believed to have committed a felony in such other state, shall have the same authority to arrest and hold such person in custody, as has any member of any duly organized state, county or municipal peace unit of this state, to arrest and hold in custody a person on the ground that he is believed to have committed a felony in this state.[1]

This act only applies to a suspected felon; it does not apply to a gross misdemeanor — driving while under the influence. *See* RCW 46.61.502, .515; RCW 9A.04.040; *State v. Malone*, 106 Wn.2d 607, 609-10, 724 P.2d 364 (1986).[2] We conclude the Clarkston police officer did not have authority under Idaho's fresh pursuit act to make the arrest. Accordingly, the court did not err in dismissing the citation.

Affirmed.

SHIELDS, C.J., and MUNSON, J., concur.

---

[1] Washington's act, RCW 10.89.010, grants identical authority to peace officers of other states.

[2] *State v. Ruhter*, 107 Idaho 282, 283-84, 688 P.2d 1187, 1188-89 (1984), relied on by the City, is factually distinguishable; moreover, it is legally distinguishable because Nevada treats driving while intoxicated as a felony for purposes of arrest.