[No. 15967-1-III.    Division Three.    October 14, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. DOROTEO
MARTINEZ BARAJAS, *Appellant*.

*Suzanne L. Elliott*, for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney*, and *Steven R. Keller* and *Lauri M. Boyd, Deputies*, for respondent.

SWEENEY, C.J. — Possession of a controlled substance with intent to deliver in a school zone is punishable "by imprisonment of up to twice the imprisonment otherwise authorized by this chapter [RCW 69.50] . . . ." RCW 69.50.435(a). RCW 9.94A.310(3) requires an enhanced sentence for felonies committed while armed. But the length of the enhancement depends on the *maximum* sentence for the underlying felony. If the maximum sentence for the underlying felony is 20 years, the firearm enhancement is 5 years. RCW 9.94A.310(3)(a). If the maximum sentence is 10 years, the firearm enhancement is 3 years. RCW 9.94A.310(3)(b).

Doroteo Barajas was convicted of possession of a controlled substance with intent to deliver within 1,000 feet of a school bus stop, while armed with a deadly weapon. The maximum penalty for possession of a controlled substance with intent to deliver is 10 years. Because Mr. Barajas' offense was within a school zone, the sentencing

court concluded he had committed a felony carrying a maximum sentence of 20 years. It therefore imposed the five-year firearm sentence enhancement, rather than the three-year enhancement.

The question presented is whether the increased penalty for sale or possession within a school zone (RCW 69.50.435) is only an enhancement to the 10-year maximum sentence (as Mr. Barajas maintains). Or whether instead the school zone enhancement results in a new maximum sentence— here 20 years (as the State maintains). We conclude that the school zone enhancement results in a new maximum sentence. We therefore affirm the trial court's imposition of the five-year firearm penalty enhancement.

## DISCUSSION

Interpretation of this statute is a question of law which we review de novo. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996). Our goal is to identify and then give effect to the Legislature's intent in drafting the statute. *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992). If the statutory language is plain and unambiguous, we need go no further. *State v. Wilbur*, 110 Wn.2d 16, 19, 749 P.2d 1295 (1988).

RCW 69.50.435(a) provides that drug offenses committed within a school zone "may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter . . . ." The statute by its terms increases the otherwise maximum penalty. Unlike the enhancement statutes (RCW 9.94A.310(3), (4), (5), and (6)), it does not require imposition of an increased sentence.

Our Supreme Court noted in *State v. Silva-Baltazar*,[1] "[t]he Legislature added RCW 69.50.435 to the Uniform Controlled Substances Act (UCSA) in 1989. The UCSA delineates offenses and establishes maximum penalties, but does not set out determinate sentencing ranges, which are provided for in the Sentencing Reform Act . . . ." The

[1] 125 Wn.2d 472, 476, 886 P.2d 138 (1994).

dictionary definition of maximum also supports our conclusion. Maximum is "the greatest quantity or amount possible, assignable, . . . an upper limit allowed or allowable by law or regulation." RANDOM HOUSE DICTIONARY 1188 (2d ed. 1987). That is precisely what the Legislature authorized here.

Given our reading of the statute, the sentencing court properly imposed a mandatory five-year firearm sentence enhancement. RCW 9.94A.310(3)(a).

Affirmed.

SCHULTHEIS, J., and BASTINE, J. Pro Tem., concur.

Review denied at 134 Wn.2d 1026 (1998).