[No. 17280-5-III.    Division Three.    March 23, 1999.]

THE STATE OF WASHINGTON, *Appellant,* v. MARK SNOWDEN RITTS, *Respondent.*

*James H. Kaufman, Prosecuting Attorney*, and *Ann C. Shannon, Deputy*, for appellant.

*Howard M. Neill* of *Aitken, Schauble, Patrick, Neill & Ruff*, for respondent.

SWEENEY, J. — It is a felony to ignore an order or command to stop by a law enforcement officer in a marked police car. The trial court dismissed a charge of attempted felony eluding against Mark Ritts because the police car he attempted to elude was not "marked" with identifying lettering on the doors, although it was equipped with flashing lights and siren. We affirm.

## FACTS

The facts are undisputed. About midnight on September 7, 1997, a Whitman County deputy sheriff responded to a crime in progress emergency call. En route to the scene, Deputy Chapman observed Mark Ritts' white pickup—the only other vehicle on the road—driving away from the scene in the opposite lane. He radioed to Sergeant Kelley, who was following in an unmarked green Ford Bronco, to get the license plate number.

Sergeant Kelley was in police uniform. The Bronco was equipped with alternating high beam and headlights (wigwags), siren, red and blue strobe lights mounted at the top of the windshield and inside the front grill, and blue and yellow flashers in the rear window. It was not "marked" with lettering or a logo on the doors.

As Sergeant Kelley approached, Mr. Ritts first braked hard, then took off at high speed. Sergeant Kelley turned around and gave chase. After about two miles with Sergeant Kelley driving about 75 yards behind Mr. Ritts, doing about 95 mph, Mr. Ritts and his passenger abandoned the truck in a field and ran. The passenger later admitted he and Mr. Ritts saw the officer behind them, got scared and fled.

Mr. Ritts was charged with attempting to elude a police officer in violation of RCW 46.61.024. It is a class C felony to willfully fail to immediately stop and to drive recklessly after receiving a visual or audible signal to stop from a uniformed police officer whose vehicle is "appropriately marked showing it to be an official police vehicle." RCW 46.61.024.

He moved to dismiss the charge for failure to prove the signal to stop came from a marked police car. The court agreed that Sergeant Kelley's unmarked Bronco did not meet the statutory requirement that the police vehicle be "appropriately marked showing it to be an official police vehicle." Concluding that the State did not prove the elements of RCW 46.61.024, the court dismissed the charge.

## DISCUSSION

■ The dismissal rests on the trial court's construction of RCW 46.61.024. The question presented is whether the flashing lights and siren "appropriately marked" the undercover Bronco as a police vehicle, absent a police logo or lettering on the sides. Statutory construction involves a question of law which we review de novo. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996); *State v. Barajas*, 88 Wn. App. 387, 389, 960 P.2d 940 (1997), *review denied*, 134 Wn.2d 1026 (1998).

All public vehicles including police cars must be marked on the sides with identifying lettering or logo. RCW 46.08.065. Undercover sheriff's office and police vehicles are exempt from this requirement. RCW 46.08.065(1).

All emergency vehicles, not just police cars, are equipped with and may display emergency lights and siren. RCW 46.37.190(4); RCW 46.37.380(2); WAC 204-88-030(1); WAC 204-88-060(1). Only law enforcement vehicles may display blue lights. WAC 204-88-060(2). When any emergency vehicle displays emergency signals, drivers must yield and stop. RCW 46.37.190(5); RCW 46.61.210. However, violation of RCW 46.61.210 is a civil infraction, not a criminal offense. RCW 46.63.020; *City of Bremerton v. Spears*, 134 Wn.2d 141, 150, 949 P.2d 347 (1998).

The State contends that the eluding statute, RCW 46.61.024, does not expressly incorporate the lettering or logo requirements of RCW 46.08.065. *State v. Trowbridge*, 49 Wn. App. 360, 362, 742 P.2d 1254 (1987). Moreover, the Bronco, as an undercover sheriff's vehicle, was exempt from the marking requirements of RCW 46.08.065. The State concludes that the fact the Bronco was unmarked is thus irrelevant. Because activation of its emergency equipment unmistakably identified the Bronco as a police vehicle, it was not possible for Mr. Ritts to mistake Sergeant Kelley's car for anything other than a police car. In the State's view, the court erroneously imported the marking requirements of RCW 46.08.065 into the eluding statute. The court's statutory interpretation was correct.

■ RCW 46.61.024 is a criminal statute. A criminal statute that has two possible interpretations is strictly construed in favor of the defendant, especially if it carries a penalty of imprisonment. *State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996); *State v. Fitzpatrick*, 5 Wn. App. 661, 666, 491 P.2d 262 (1971), *review denied*, 80 Wn.2d 1003 (1972).

■ Unambiguous statutory language is not subject to interpretation; the meaning is derived entirely from the subject matter and context. *State v. Sunich*, 76 Wn. App.

202, 206, 884 P.2d 1 (1994). We may not read unwritten language into a statute. *State v. Malone*, 106 Wn.2d 607, 610, 724 P.2d 364 (1986). Statutes are to be construed so as to avoid rendering any word or provision meaningless. *State v. Contreras*, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994).

■ The eluding statute expressly requires that the signal to stop come from a uniformed officer whose vehicle is appropriately marked showing it to be an official police vehicle. RCW 46.61.024. Appropriate marking is described in RCW 46.08.065 as identifying lettering or logo. The undercover exemption of RCW 46.08.065(1) waives the administrative marking requirement to permit the sheriff's department to operate unmarked cars for investigations. However, the criminal statute cannot be read to waive the requirement that the police vehicle be marked.

The plain language of RCW 46.61.024 expressly requires both a signal and a marked car. It does not require one or the other. If either the presence of signaling equipment or the nature of the signal itself renders a police vehicle appropriately marked, the language requiring appropriate identifying marking is superfluous. The statutory language includes no exception for unmarked undercover vehicles, with or without flashing lights.

In *Trowbridge,* relied on by the State, the statute was held satisfied when an unmarked vehicle actually gave chase after the signal to stop had been given by a uniformed officer whose vehicle was marked with the letters and stripes of an official police vehicle. *Trowbridge*, 49 Wn. App. at 363.

That did not happen here. Although the Bronco's emergency lights, including a blue light, were flashing, the statute requires a signal to stop by a uniformed officer whose vehicle is marked.

■ Mr. Ritts' admission that he knew his pursuer was a law enforcement officer does not relieve the State of proving the elements of the eluding statute. *State v. Hudson*, 85 Wn. App. 401, 405, 932 P.2d 714 (1997). In *Hudson*, the po-

lice car was clearly marked, but the court reversed a felony eluding conviction because there was no evidence that the officers were in uniform. Even though the officers' clothing would not have been discernable at the point when the defendant fled, all the elements of the statute were still required to be proved.

That is the case here. The undercover vehicle pursuing Mr. Ritts was not appropriately marked as a police vehicle. Therefore, the State failed to prove the elements of RCW 46.61.024. This may not be the result the Legislature intended by this statute, but it is nonetheless the result required by the present wording of the statute. We are constrained to therefore affirm the order of dismissal.

SCHULTHEIS, C.J., and KURTZ, J., concur.