7 P.3d 847 (2000)
102 Wash.App. 341
STATE of Washington, Respondent,
v.
James Melicio REFUERZO, Appellant.
No. 45034-4-I.
Court of Appeals of Washington, Division 1.
September 5, 2000.
*848 Oliver Davis, Washington Appellate Project, Seattle, for Appellant.
Samuel Chapin, King County Prosecuting Office, Seattle, for Respondent.
KENNEDY, J.
James Melicio Refuerzo appeals his conviction for attempting to elude a pursuing police vehicle, claiming that a police bicycle is not a police vehicle. We disagree, and hold that an appropriately marked police bicycle is an official police vehicle within the meaning of the eluding statute. Therefore, proof that Refuerzo fled from a bicycle officer was sufficient to sustain the conviction. Moreover, Refuerzo continued to flee after a uniformed officer in a marked police car signaled him to stop and joined in the pursuit. This conduct also violates the eluding statute. Because substantial evidence supports either means of violating the statute, we affirm.

FACTS
Because he suspected Refuerzo was involved in criminal activity, a uniformed Seattle *849 police officer rode his officially marked police bicycle alongside the car Refuerzo was driving. The driver's side window was open, and the officer identified himself and commanded Refuerzo to pull over. Instead, Refuerzo fled.
He proceeded to weave through heavy, late-afternoon vehicular and pedestrian traffic, cut across four lanes of traffic in order to make a turn, disobeyed stop signs, and drove through several cross walks in the Pike Place Market area. During his pursuit, the bicycle officer radioed the description of the car and was soon joined by a uniformed officer in a marked patrol car, who activated his flashing lights and siren. After continuing to drive for a few more blocks, Refuerzo pulled over, fled into a building, and was arrested inside.
A jury found Refuerzo guilty of violating RCW 46.61.024, attempting to elude a pursuing police vehicle. He received a standard range sentence and appealed.

DECISION
RCW 46.61.024 provides:
Any driver of a motor vehicle who wilfully fails or refuses to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.
Refuerzo acknowledges that there was sufficient evidence that he failed or refused to immediately stop after being commanded to do so by a uniformed bicycle officer. He claims, however, that the State failed to prove that he attempted to elude a "police vehicle" because a police bicycle is not a "vehicle." He also asserts that the evidence failed to show that he drove his vehicle in a manner indicating a wanton or wilful disregard for the lives or property of others during the chase.
Evidence is sufficient to support a conviction if, after viewing it in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] When a defendant challenges the sufficiency of the evidence, all reasonable inferences must be drawn in favor of the State and interpreted most strongly against the defendant.[2]
Police vehicle
Refuerzo admits that the State proved that a uniformed police officer in a marked police car activated his lights and siren and joined the chase. He implicitly contends, however, that the prosecutor elected, during closing argument, to rely solely on Refuerzo's flight from the bicycle officer as the basis for the charge. Therefore, he implies, jurors were precluded from relying on the driving officer's signal and pursuit to find him guilty. We disagree.
The court instructed the jury that the only evidence it could consider was witness testimony and admitted exhibits. The judge also told jurors the attorneys' remarks and arguments were not evidence. Both the bicycle officer and the uniformed driving officer testified that Refuerzo disregarded the flashing signal lights and siren of the marked police car. The required signal to stop given by the officer may be by emergency light or siren, as well as by hand or voice.[3] Therefore, although the incident began when Refuerzo fled from the bicycle officer, jurors could have reasonably relied on his disregard of the flashing lights and siren of the pursuing officer's marked police car to find him guilty.[4]
*850 Moreover, even if the prosecutor elected to base the charge solely on Refuerzo's flight from the bicycle officer, and even if the jury considered only that means, the result would be the same because an appropriately marked police bicycle is "an official police vehicle" for purposes of the attempting to elude statute, and substantial evidence supports either means of violating the statute.[5]
The Motor Vehicle Code defines "vehicle" as follows:
"Vehicle" includes every device capable of being moved upon a public highway and in, upon, or by which any persons or property is or may be transported or drawn upon a public highway, including bicycles. The term does not include devices other than bicycles moved by human or animal power or used exclusively upon stationary rails or tracks. Mopeds shall not be considered vehicles or motor vehicles for the purposes of chapter 46.70 RCW. Bicycles shall not be considered vehicles for the purposes of chapter 46.12, 46.16, or 46.70 RCW.[6]
Refuerzo acknowledges that this provision includes bicycles within the definition of "vehicle." But he contends that within the context of its use in the eluding provision, RCW 46.61.024, "police vehicle" refers back to "motor vehicle."[7]
Refuerzo also relies on the "marking" statute, which applies to the eluding provision. The "marking" statute requires publicly owned "automobile[s] or other motor vehicle[s]" to be so identified by conspicuous labels.[8]
We disagree with Refuerzo's analysis of this statutory scheme. The reference to "motor vehicle" in the eluding statute applies to the alleged offender's vehicle, not the officer's.[9] In other words, one cannot be convicted of attempting to elude unless one is driving a motor vehicle. Had the Legislature intended "police vehicle" to exclude police bicycles, it would have used the term "police motor vehicle," or a similar term. Because it used different words, we presume a different meaning was intended to attach to the terms.[10]
Moreover, where a statute specifically designates the things or classes of things upon which it operates, an inference arises that all things or classes of things omitted were done so intentionally.[11] Here the definition of vehicle includes bicycles but for *851 three specific exceptions, none of which applies here. This indicates that the Legislature did not intend to exclude police bicycles from the definition of "police vehicle" in the eluding statute.
Our interpretation that police bicycles are official police vehicles within the meaning of the eluding statute is also consistent with State v. Malone, which broadly interpreted the terms "police vehicle" and "police officer" to include vehicles and officers from other jurisdictions.[12]
The Malone court also concluded that the Legislature enacted the eluding statute to address the dangers of high-speed chases.[13] Refuerzo argues that this supports excluding bicycles from the definition of police vehicle. We disagree. "High-speed" does not necessarily mean speeds beyond that which bicycles can travel, or driving in excess of the posted speed limit. Rather, when read in conjunction with the "wanton and wilful" element, "high-speed" simply means driving substantially faster than conditions warrantsuch as here, when a driver attempts to elude an officer in the presence of heavy auto and pedestrian traffic.[14]
We also will not read a statute hypertechnically so as to yield an absurd result.[15] Refuerzo's reading results in an absurdity. Bicycles are widely used by police for a variety of law enforcement functions, from general patrol to undercover operations. A driver who attempts to elude an officer by weaving in and out of heavy traffic, disregarding stop signs and lights, and proceeding through crosswalks in the presence of numerous pedestrians is no less culpable merely because the pursuing officer is on a bicycle.
For these reasons, we hold that an appropriately marked bicycle is an official police vehicle for purposes of the eluding statute.
Wanton or Wilful Disregard for Lives or Property
Refuerzo claims that the State failed to prove wilful or wanton conduct because he did not exceed the speed limit or force pedestrians to evade his car during the chase. This claim lacks merit.
The State need not prove that the defendant's driving endangered anyone else, or that a high probability of harm actually existed. Instead, the evidence need only establish that the defendant engaged in conduct from which a juror could infer wanton or wilful disregard for the lives or property of others.[16]
The State's proof meets that standard here. Refuerzo weaved through traffic during a busy time in downtown Seattle. He disregarded several stop signs and lights, cut across four lanes of traffic while turning, and went through a series of crosswalks in the presence of heavy pedestrian traffic in the Pike Place Market area. In addition, the bicycle officer testified that he saw damage to a parked car and Refuerzo's car consistent with a minor collision.
From these facts, a reasonable juror could infer that Refuerzo drove with a wanton and wilful disregard for lives and property.
Affirmed.
AGID, C.J., and GROSSE, J., concur.
NOTES
[1] State v. Rempel, 114 Wash.2d 77, 82-83, 785 P.2d 1134 (1990).
[2] State v. Joy, 121 Wash.2d 333, 338-39, 851 P.2d 654 (1993).
[3] RCW 46.61.024.
[4] Cf., State v. Ritts, 94 Wash.App. 784, 788, 973 P.2d 493 (1999) (eluding charge may not be proven where driver failed to stop for flashing lights of police car that was not properly marked with identifying lettering or logo).
[5] See State v. Crane, 116 Wash.2d 315, 325-26, 804 P.2d 10 (1991) (where State presents evidence of commission of crime by alternative means, constitutional right to jury unanimity not violated where substantial evidence supports a finding of guilt as to each alternative).
[6] RCW 46.04.670 (emphasis added). None of the bicycle exceptions apply here.
[7] See RCW 46.04.010 ("Terms used in this title shall have the meaning given to them in this chapter except where otherwise defined, and unless where used the context thereof shall clearly indicate to the contrary.").
[8] RCW 46.08.065(1) provides:

It shall be unlawful for any public officer having charge of any vehicle other than a motorcycle owned or controlled by any county, city, town, or public body in this state other than the state of Washington and used in public business to operate the same upon the public highways of this state unless and until there shall be displayed upon such automobile or other motor vehicle in letters of contrasting color not less than one and one-quarter inches in height in a conspicuous place on the right and left sides thereof, the name of such county, city, town, or other public body, together with the name of the department or office upon the business of which the said vehicle is used.
[9] Cf. State v. Malone, 106 Wash.2d 607, 611, 724 P.2d 364 (1986) (issue under eluding statute focuses on the nature of defendant's behavior after police initiate a stop, not whether officer has authority to make the stop).
[10] Simpson Investment Co. v. Department of Rev., 141 Wash.2d 139, 3 P.3d 741, 752 (2000) (terms "financial business" and "financial institution" not synonyms within context of State's Business and Occupational Tax).
[11] Landmark Development, Inc. v. City of Roy, 138 Wash.2d 561, 571, 980 P.2d 1234 (1999) (setting forth doctrine of "expressio unius est exclusio alterius").
[12] 106 Wash.2d at 610-11, 724 P.2d 364.
[13] 106 Wash.2d at 611, 724 P.2d 364.
[14] See State v. Parker, 102 Wash.2d 161, 164-66, 683 P.2d 189 (1984) (reckless driving is a lesser included offense of attempting to elude).
[15] Pudmaroff v. Allen, 138 Wash.2d 55, 65, 977 P.2d 574 (1999).
[16] State v. Whitcomb, 51 Wash.App. 322, 327, 753 P.2d 565 (1988).