# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

WALLACE J. GREENWOOD,

Appellant.

No. 49241-5-II

UNPUBLISHED OPINION

SUTTON, J. — Wallace Greenwood appeals his conviction for attempting to elude a pursuing police vehicle. He argues that there was insufficient evidence at trial to convict him and that the trial court abused its discretion by admitting extrinsic evidence to impeach him on a collateral matter. We hold that there was sufficient evidence to convict Greenwood and that the trial court did not abuse its discretion in admitting evidence to directly impeach Greenwood. Therefore, we affirm Greenwood's conviction.

## FACTS

On the night of January 26, 2016, Deputy Lucas Baker was patrolling in front of an elementary school in Graham when a motorcycle passed him at a high rate of speed. Deputy Baker

made a u-turn and followed the motorcycle, which was driven by Greenwood. He then observed Greenwood failing to stop at a stop sign. Deputy Baker activated his patrol vehicle's lights in order to conduct a traffic stop and, at that point, Greenwood accelerated to speeds near 100 m.p.h. in a posted 55 m.p.h. zone. Greenwood then turned into a residential neighborhood with a posted limit of 25 m.p.h.

After Deputy Baker was able to move approximately 15 feet from Greenwood's motorcycle, he witnessed Greenwood slow down and take a quick turn into the neighborhood at a speed that caused the motorcycle to drift into the opposing lane. He then witnessed Greenwood reach a speed of 60 m.p.h. Deputy Baker then observed Greenwood crash into a ditch and be thrown from his motorcycle. Greenwood was immediately taken to a hospital for his injuries. During trial, Deputy Baker testified that the traffic was light at all times but in that residential neighborhood it was not uncommon to see pedestrian traffic and people walking their dogs at that time of night. Greenwood testified that his erratic driving was due to a mechanical malfunction of his motorcycle.

At trial, defense counsel moved in limine to exclude testimony from Greenwood's community corrections officer (CCO) about notes she made in Greenwood's file during her previous interactions with him. The notes related to conversations with Greenwood, and included one note where she had specifically informed Greenwood of an outstanding warrant previous to the January 26 incident. The trial court denied his motion to exclude and ruled that the CCO could testify to what she did or did not tell Greenwood.[1]

---

[1] This motion originally pertained to count II, the "Escape from Comm[unity] Cust[ody]" charge which Greenwood pleaded guilty to prior to trial. Clerk's Papers at 56.

During trial there was testimony that while Greenwood was in the hospital, he acknowledged that he was aware that there was an outstanding warrant for his arrest. The prosecutor later informed the trial court that she intended to elicit testimony from Deputy Baker that Greenwood had an outstanding warrant for his arrest. The trial court allowed the testimony to be elicited because it would rebut Greenwood's claim that his speeding was accidental, and the court agreed with the State's argument that evidence of the outstanding warrant may have been a motive for his attempt to elude a police vehicle.

Greenwood then testified that he was unaware that there was an outstanding warrant for his arrest and he also testified that he did not remember ever being informed about the warrant by Deputy Baker. Specifically, he testified that:

| [Defense Counsel]: | Okay. Now, at the time you're riding this motorcycle on the day of this incident, were you aware that you had a warrant? |
|---|---|
| [Greenwood]: | No. I was not aware that I did have a warrant at that moment, at that time, earlier. |
| [Defense Counsel]: | Do you recall whether or not Officer Baker informed you that you had a warrant? |
| [Greenwood]: | I don't recall that, no. I don't remember talking to Officer Baker at all. |
| [Defense Counsel]: | Okay. So let's jump forward to St. Joseph's Hospital. Officer Deputy Huffman testified that you made reference to a warrant. Do you recall making that statement? |
| [Greenwood]: | No, I don't. |
| [Defense Counsel]: | Okay. But you did not have any independent knowledge that there was an existing warrant? |
| [Greenwood]: | No, I didn't, no. |

3

Verbatim Report of Proceedings (VRP) at 322-23. Further, Greenwood also acknowledged that he knew how to disengage the clutch and how to use the kill switch on his motorcycle, but that he did not do so.

The prosecutor then argued that Greenwood had opened the door to evidence being admitted that his CCO had advised him about the outstanding warrant for his arrest. The trial court allowed the prosecutor to cross-examine Greenwood about the conversation with his CCO. On cross-examination, the prosecutor asked Greenwood if he had been advised by his CCO that there was an outstanding warrant for his arrest. Greenwood testified that he could not remember being told by his CCO that a warrant had been issued but remembered that his CCO told him that a warrant may be issued. Because of his testimony, the prosecutor then called the CCO, who testified that she had informed Greenwood of the outstanding warrant prior to the January 26 incident and that Greenwood had acknowledged that fact to her.

Greenwood pleaded guilty to one count of escape from community custody and he was convicted of attempting to elude a pursuing police vehicle. The trial court sentenced Greenwood to a standard range sentence. Greenwood appeals his conviction for attempting to elude a pursuing police vehicle.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Greenwood first argues that there was insufficient evidence presented at trial to convict him of attempting to elude a pursuing police vehicle. Specifically, Greenwood argues that there

was insufficient evidence to show that he drove in a reckless manner. The State argues that there was there was sufficient evidence to find that Greenwood drove in a reckless manner because a rational trier of fact could conclude that this driving was in a rash or heedless manner. We hold that Greenwood's argument fails.

"The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence." *Salinas*, 119 Wn.2d at 201. All reasonable inferences must be drawn in favor of the State and interpreted most strongly against the defendant. *Salinas*, 119 Wn.2d at 201.

To prove attempting to elude a pursuing police vehicle, the State must prove that (1) the driver willfully failed or refused to immediately bring his or her vehicle to a stop, (2) the driver drove in a reckless manner, (3) the driver was given a verbal or audible signal to stop, (4) the officer giving the signal to stop was in uniform, and (5) the officer's vehicle was equipped with lights and sirens. *See State v. Perez*, 166 Wn. App. 55, 61, 269 P.3d 372 (2012); RCW 46.61.024(1). Reckless manner, for purposes of the offense of eluding a pursuing police vehicle, "means 'a rash or heedless manner, with indifference to the consequences.'" *State v. Naillieux*, 158 Wn. App. 630, 644, 241 P.3d 1280 (2010) (quoting *Statte v. Ratliff*, 140 Wn. App. 12, 16, 164 P.3d 516 (2007). The State does not need to prove that the defendant endangered anyone else or prove that there was a high probability of harm that actually existed in order to prove that Greenwood drove in a reckless manner. *State v. Refuerzo*, 102 Wn. App. 341, 348, 7 P.3d 847 (2000).

5

The State presented evidence that Greenwood willfully failed or refused to immediately bring his motorcycle to a stop, that Greenwood was given a signal to stop, that Deputy Baker was in uniform, and that Deputy Baker's vehicle was equipped with lights and sirens. RCW 46.61.024(1). Thus, the only element at issue was whether Greenwood was driving in a "reckless manner."

The State also presented evidence that Greenwood passed Deputy Baker at an excessive speed, drove 100 m.p.h. in a posted 55 m.p.h. zone, took a turn into a residential neighborhood at a speed that carried him into the wrong lane of traffic, and drove 60 m.p.h. in a residential neighborhood. Thus, construing the facts and all reasonable inferences in favor of the State, a rational trier of fact could have found beyond a reasonable doubt that Greenwood's driving constituted driving in a rash or heedless manner, indifferent to the consequences. Therefore, there was sufficient evidence to find that Greenwood drove in a reckless manner because a rational trier of fact could conclude that his driving was done in a rash or heedless manner. Because any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt, including that Greenwood drove in a reckless manner, the State presented sufficient evidence that Greenwood was guilty of attempting to elude a police vehicle. Therefore, sufficient evidence supports this conviction.

## II. TESTIMONY RELATED TO GREENWOOD'S PRE-INCIDENT ARREST WARRANT

For the first time on appeal,[2] Greenwood argues that the trial court improperly admitted

---

[2] Although, we generally do not consider arguments raised for the first time on appeal, *see* RAP 2.5(a), we have decided to exercise our discretion to reach the merits of this new issue.

testimony by his CCO that she had previously informed him that he had an outstanding warrant after he denied knowledge of that fact, and he argues that the CCO's testimony was improper impeachment on a collateral matter.[3]  We disagree.

We review evidentiary rulings for an abuse of discretion.  *State v. Darden*, 145 Wn.2d 612, 619, 41 P.3d 1189 (2002).  A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons.  *Darden*, 145 Wn.2d at 619.

Extrinsic evidence of collateral matters may not be offered to impeach a witness.  *State v. Fankhouser*, 133 Wn. App. 689, 693, 138 P.3d 140 (2006).  A witness may be impeached only on the facts which are directly admissible as relevant to the issues at trial.  *Fankhouser*, 133 Wn. App. at 693.  Evidence is relevant if it has any tendency to make any fact of consequence more probable or less probable than it would be without the evidence.  ER 401.

Here, Greenwood testified at trial in relevant part:

[State]:　　　So you knew, in fact, that there was a warrant outstanding--
[Greenwood]: No.
[State]:　　　--in January 2016, didn't you?
[Greenwood]: No, I did not.

VRP at 332.

---

[3] Greenwood claims that his inability to remember any conversation about the warrant should preclude any impeachment evidence.  However, even if a witness cannot remember making a prior inconsistent statement, if the witness testifies at trial to an inconsistent story, there is a compelling need for the jury to know that this witness may be unreliable.  *State v. Newbern*, 95 Wn. App. 277, 293, 975 P.2d 1041 (1999) (citing 5A Karl B. Tegland, WASH. PRACTICE: EVIDENCE § 256, at 310 (3d ed. 1989)).  As discussed above, because the CCO's testimony was relevant to Greenwood's motivation to elude, the court's admission of the CCO's testimony was proper and not error.

The CCO then testified in relevant part:

[State]:      Did you also advise [Greenwood] that a warrant had issued?

[CCO]:       Yes, ma'am.

[State]:      Did [Greenwood] acknowledge that fact?

[CCO]:       Yes, ma'am.

VRP at 391.

The CCO's warrant testimony directly contradicted Greenwood's testimony denying the existence of the warrant. The CCO's warrant testimony related to Greenwood's motive to attempt to elude a pursuing police vehicle.[4] Because the CCO's warrant testimony directly contradicted Greenwood's testimony, the CCO's testimony was direct impeachment evidence, not impeachment on a collateral issue. The trial court properly admitted the CCO's warrant testimony. Because the trial court properly admitted the evidence, we hold that the trial court did not abuse its discretion in admitting the CCO's warrant testimony, and we affirm the conviction.[5]

---

[4] At trial, the State argued that Greenwood had opened the door to evidence being introduced that his CCO told Greenwood that the warrant for his arrest had been issued. The trial court allowed the prosecutor to cross-examine Greenwood about the conversation with his CCO. On cross-examination, the prosecutor asked Greenwood if he had been advised by his CCO that there was an outstanding warrant for his arrest. Greenwood responded that he could not remember being told by his CCO that a warrant had been issued but remembered that his CCO told him that one may be issued. Because of this testimony, the trial court allowed the prosecutor to examine CCO Gilbert who testified that she had informed Greenwood of the outstanding warrant and that Greenwood had acknowledged that fact.

[5] Greenwood also requests that this court decline to impose appellate costs. Under RAP 14.2, a commissioner or clerk of this court has the ability to determine whether appellate costs should be imposed based on the appellant's ability to pay and prior determinations regarding indigency. Accordingly, a commissioner of this court will consider whether to award appellate costs if the State files a cost bill and the defendant objects to it.

No. 49241-5-II

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Sutton, J.

We concur:

Johanson, J.

Maxa, A.C.J.

9