**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30155 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00266-TSZ-1 |
| v. | |
| DAVID WAYNE HODGE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted November 16, 2020[**]
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

David Wayne Hodge appeals from the revocation of his supervised release

and the sentence imposed. We have jurisdiction under 28 U.S.C. § 1291, and we

affirm.

About six months after Hodge began a period of supervised release, the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Probation Office filed a report alleging several violations of his terms of release, including driving with a suspended license and attempting to elude a police vehicle in the early morning hours of June 3, 2020, in violation of Wash. Rev. Code § 46.61.024. After a hearing at which the district court heard testimony from Hodge's Probation Officer and Seattle police officer Chesney, the district court found by a preponderance of the evidence that Hodge had committed the eluding and driving on suspended license violations, among others. The district court sentenced Hodge to six months of imprisonment, to be followed by thirty months of supervision.

Hodge argues the evidence is insufficient to prove that he drove the vehicle in question, or that he drove in a "reckless manner," which is an element of attempting to elude.[1] Wash. Rev. Code § 46.61.024(1). We ask whether "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. Ochoa*, 932 F.3d 866, 869 (9th Cir. 2019) (quoting *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010)).

1. The evidence is sufficient to prove that Hodge was driving the car.

---

[1] To the extent Hodge challenges the sufficiency of the evidence supporting other violations, he fails to provide specific and distinct arguments, and therefore has forfeited those issues. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

Officer Chesney testified to his familiarity with Hodge's physical appearance from prior investigative work. He also noted that Hodge usually has a thick beard and a shaved head, which made him "relatively easy to distinguish." Chesney stated he saw Hodge a "minimum" of twice in the same car in the weeks prior to the June 3, 2020 incident: first, "in the driver['s] seat" of the car while it was parked by a Walgreens; and second, in the car by a liquor store. Chesney testified that on June 3, 2020, he recognized the car and followed it to identify the driver. As Chesney approached the car from behind in his patrol car, he saw Hodge's face in the driver's side mirror. When Chesney pulled up to the right of the car at a stoplight, he also saw Hodge's profile. There were no obstructions, and the streetlights were on. Chesney stated he was "100 percent confident" in the identification.

The Probation Officer's testimony also supported the finding that Hodge was the driver. The Probation Officer described social media posts from the same period, in which Hodge appears in the driver's seat of a car that matched the one in question.

2. The evidence is also sufficient to prove that Hodge drove in a reckless manner. Wash. Rev. Code § 46.61.024(1); *State v. Perez*, 269 P.3d 372, 374-75 (Wash. Ct. App. 2012). Reckless manner "means 'a rash or heedless manner, with indifference to the consequences.'" *State v. Naillieux*, 241 P.3d 1280, 1286 (Wash. Ct. App. 2010) (quoting *State v. Ratliff*, 164 P.3d 516, 518 (Wash. Ct. App. 2007)).

3

The government need not prove that the defendant endangered anyone else or that there was a high probability of actual harm. *State v. Refuerzo*, 7 P.3d 847, 851 (Wash. Ct. App. 2000).

The district court's finding that Hodge drove in a reckless manner is amply supported by the record. Officer Chesney testified that Hodge sped away "in the neighborhood or faster than 50 miles an hour" down Cherry Street, a twenty-five miles per hour zone, then turned onto 27th Avenue, a twenty miles per hour zone. Cherry Street narrows to a single lane in each direction in a residential area with parking on either side, and 27th Avenue is an "extremely narrow" and "very dark" street with space for just one car to pass at a time and a foot or two of clearance on each side. The government also submitted dashcam footage of the car speeding away, and the subsequent police pursuit.

Hodge argues that his speed, without more, is not enough to show that he drove in a reckless manner. The argument fails for at least two reasons. First, the district court found that Hodge drove recklessly because of his speed *and* because the incident was in residential area. "Reckless manner" driving flows logically from the surrounding circumstances, like the parked cars and narrow streets. Second, a rational trier of fact *could* find by a preponderance of the evidence, which included Officer Chesney's testimony and the dashcam footage, that Hodge drove in a reckless manner with indifference to the consequences. *Ochoa*, 932

F.3d at 869.

3.     Finally, Hodge argues the district court miscalculated the sentencing guidelines range based on its mistaken conclusion that Hodge attempted to elude the police, a Grade B violation. Because the attempting to elude violation stands, so does the Grade B determination and resulting sentence.

**AFFIRMED.**