UNITED STATES of America, Appellee,

v.

**Loren Michael GREY BEAR, Tayron Dale Dunn, a/k/a Terry Dunn, Leonard George Fox and John Emmanuel Perez, a/k/a John Perez, Appellants.**

UNITED STATES of America, Appellee,

v.

**Jesse Dean CAVANAUGH, Paul Henry Cavanaugh, Maynard James Dunn, Timothy Sylvester Longie, Jr., Roger Darrel Charboneau, Dwayne Allen Charboneau, Richard John LaFuente, a/k/a Ricky LaFuente, Appellants.**

**Nos. 86–5264, 86–5265.**

United States Court of Appeals, Eighth Circuit.

Dec. 31, 1987.

---

Rodney S. Webb, U.S Atty., Dennis D. Fisher, Norman G. Anderson and Lynn E. Crooks, Asst. U.S. Attys., Fargo, N.D., for appellee.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and ROSENN,* Senior Circuit Judge.

PER CURIAM.

This matter comes before the panel on a petition for rehearing. The government raises two issues: (1) Whether this court will remand to the trial court to enter judgment on an "implied verdict" on lesser included charges, or alternatively, instruct the trial court that the government may retry some of the defendants for assault resulting in serious bodily injury; and (2) whether this court's opinion conforms with Eighth Circuit and Supreme Court cases in holding that there was prejudicial misjoin-der of defendants. As to the latter issue, the government also seeks a rehearing en banc. Upon consideration of the briefs and issues raised, the panel denies the petition for rehearing.

## Assault Charges

In our original opinion, 828 F.2d 1286, the convictions of eight defendants for second degree murder were set aside for lack of sufficient evidence. The government does not challenge in its petition for rehearing or its petition for rehearing en banc either the holding that there was insufficient evidence to sustain the second degree murder convictions or the dismissal of the assault charge against one of the defendants.

The form of verdict submitted to the jury at trial included alternative charges of first degree murder, second degree murder, and assault resulting in serious bodily injury. The jury found, *inter alia*, eight defendants guilty of second degree murder, and, as instructed, left the verdict forms blank as to the assault charges.

The government urges this court to remand and instruct the trial court to enter judgments of guilty on the lesser charges of assault. The government relies on *United States v. Cobb*, 558 F.2d 486 (8th Cir.1977) and *DeMarrias & United States*, 453 F.2d 211 (8th Cir.1972) as establishing the propriety of this procedure.[1] *See also*

---

* The HONORABLE MAX ROSENN, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. In *Cobb* and *DeMarrias*, this court remanded for resentencing on lesser included offenses after finding the evidence insufficient to sustain convictions on the greater offenses. *Cobb*, 558 F.2d at 489; *DeMarrias*, 453 F.2d at 215. Both cases are distinguishable from the present case. In *Cobb*, this court reversed a conviction, due to insufficient evidence of use of a weapon, for bank robbery that put in jeopardy the life of any person by the use of a dangerous weapon, under 18 U.S.C. § 2113(a) and (d). The court remanded for resentencing on the necessarily included lesser offense of bank robbery by force and violence, or by intimidation, under 18 U.S.C. § 2113(a). The defendant in that case, however, did not deny that there was sufficient evidence to sustain a conviction on the lesser included offense. In contrast, the defendants here vigorously dispute the sufficiency of the evidence on the assault charges. Yet because the government did not argue in its original brief that alternative convictions for assault could be sustained, this court has not reviewed and cannot now review the sufficiency of the evidence on the assault charges.

In *DeMarrias*, this court reversed a second degree murder conviction due to insufficient evidence of malice aforethought. 453 F.2d at 215. It found the evidence sufficient to justify a conviction for involuntary manslaughter, and remanded for resentencing on that conviction. *Id.* Here, however, because the issue was not presented in the government's original brief, this court has not passed on the sufficiency of the evidence on the assault charges. Nor does it automatically follow that because the jury convicted these defendants for second degree murder, there exists sufficient evidence of assault resulting in serious bodily injury to sustain convictions of each of the defendants. This issue would require totally different briefing and review on appeal.

*Morris v. Mathews*, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986). The government argues alternatively that these cases at least support a retrial against the eight defendants on the assault charges, and that the double jeopardy clause does not bar this direction.

These arguments have not been presented to the trial court; they were not presented to this court in the government's original brief. Assuming a retrial may be held, a jury could find the evidence insufficient to sustain guilty verdicts for assault against some or all of the defendants. Deciding now whether these defendants may be retried would require this court to render an advisory opinion. The issue is clearly not ripe for appellate adjudication and we may not pass upon it at this time. Our statement is without prejudice to the government raising these issues before the district court.

On this basis the panel denies the petition for rehearing.