[Nos. 15123-9-III; 15124-7-III.   Division Three.   April 1, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. BARBARA ANN JOHNSTON, ET AL., *Appellants.*

---

550

*Charles E. Rohr, Jr.,* and *C. Bradley Chinn,* for appellants.

*James R. Sweetser, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Claude S. Montecucco, Deputies,* for respondent.

Schultheis, J. — George Zimmerman and Barbara

Johnston appeal their convictions for assaulting a Mervyn's employee who tried unsuccessfully to apprehend Mr. Zimmerman for shoplifting. Ms. Johnston, who drove the getaway car, challenges the sufficiency of the evidence, contends she was prejudiced because the information did not specify whether she was being charged as a principal or an accomplice, and contends the court should have instructed the jury she had a right to reasonably resist unlawful arrest. Mr. Zimmerman's attorney filed an *Anders*[1] brief and moved to withdraw. We grant the motion and affirm both convictions.

In May 1995 Mr. Zimmerman and his wife, Ms. Johnston, were charged with third degree assault for intentionally assaulting Brandi VanHorn with intent to prevent or resist the lawful apprehension or detention of themselves. The evidence produced at their June trial established the defendants went to Northtown Shopping Center on April 1 so that Mr. Zimmerman could shoplift to make some money. Ms. Johnston manned their getaway car, which was parked, with the engine running, at an angle in a handicapped parking space so that she could watch the mall entry located between J.C. Penney's and Mervyn's.

Mervyn's security employee Ms. VanHorn saw Mr. Zimmerman pick up a stack of Levis. She became suspicious and positioned herself so he would have to walk past her to get to the exit door. He saw her and ran out the door with the Levis in his arms and Ms. VanHorn in hot pursuit. As he ran toward the car, Mr. Zimmerman dropped the Levis on the sidewalk and yelled at Ms. Johnston "Go, go, go."

Meanwhile, Ms. Johnston backed the car out of the handicap parking space and pulled slowly forward to intercept Mr. Zimmerman. She stopped the car and leaned over to open the passenger door for him. As he neared the car, Ms. VanHorn testified Mr. Zimmerman pulled out a

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

little knife from its place on his belt and turned toward her. She had been cut before and did not want to get hurt, so she just changed directions and veered toward the driver's side, intending to grab onto the driver to try to stop the car from leaving. As she came up on the driver's side, Ms. VanHorn was yelling "Security" or "Security, stop." Then she reached through the open window and grabbed Ms. Johnston by the hair. Mr. Zimmerman jumped into the car and yelled at Ms. Johnston to "Drive the f-in' car" and she responded "She's got my f-ing hair" (or words to similar effect). Their major concern was to get away, so Ms. Johnston stepped on the gas, the car sped forward, and Ms. VanHorn dropped off and hit the ground. She had a clump of Ms. Johnston's hair in her hand. Ms. VanHorn was injured and had to take time off work while her neck and back healed.

The jury found both defendants guilty and they appeal.

## No. 15124-7-III

### BARBARA ANN JOHNSTON

■ Ms. Johnston challenges the sufficiency of the evidence supporting her conviction. The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). The claim of insufficiency admits the truth of the State's evidence, and all reasonable inferences must be drawn in favor of the State and interpreted most strongly against the defendant. *Id.* at 201. Under RCW 9A.36.031(1)(a), a person is guilty of assault in the third degree if he or she assaults another with intent to prevent or resist the lawful apprehension or detention of himself, herself, or another person.

■ Ms. Johnston first argues the State did not prove beyond a reasonable doubt that her detention was lawful because there was no evidence that she was committing or

attempting to commit theft or shoplifting. Her argument is flawed. Regardless whether detention of Ms. Johnston would be lawful, she could be found guilty if the evidence established she assaulted Ms. VanHorn with intent to prevent the lawful apprehension or detention of Mr. Zimmerman. RCW 9A.36.031(1)(a).

■ Store security personnel are permitted to detain a suspected shoplifter in a reasonable manner if they have reasonable grounds to believe the person is committing or attempting to commit theft or shoplifting. *State v. Miller*, 103 Wn.2d 792, 795, 698 P.2d 554 (1985); RCW 9A.16.080; RCW 4.24.220. There is no question that Ms. VanHorn had "reasonable grounds to believe" Mr. Zimmerman was "committing or attempting to commit theft or shoplifting" and that apprehension or detention of him was lawful. Given the defendants' admissions that Ms. Johnston knew what Mr. Zimmerman was doing and was there to drive the getaway car, and that she accelerated and drove away when he told her to do so, the evidence is sufficient to show she intended to prevent his apprehension or detention.

Ms. Johnston next argues the State did not prove that she assaulted Ms. VanHorn because there is no evidence of intentional harmful touching. She asserts Ms. VanHorn's injuries resulted from her "dropping off" the car as it drove off, not from any force that Ms. Johnston put in motion. Again, her argument is flawed.

■■ Washington recognizes three definitions of assault, one of which is an unlawful touching with criminal intent, or actual battery. *State v. Wilson*, 125 Wn.2d 212, 218, 883 P.2d 320 (1994); *State v. Bland*, 71 Wn. App. 345, 353, 860 P.2d 1046 (1993); WPIC 35.50. The evidence is sufficient to show Ms. Johnston committed an assault by battery through use of an indirect force or a force applied through an intervening agency, her car. *See* 6A C.J.S. *Assault and Battery* §§ 8(b), 70 (1975); 6 AM. JUR. 2D *Assault and Battery* §§ 5, 113 (1963). The jury could reasonably infer from the evidence that Ms. Johnston intentionally touched or

struck Ms. VanHorn's arm with the car frame upon acceleration (because the arm extended into the car through the open window, the car could not move forward without striking it). Or it could reasonably infer that Ms. Johnston intentionally removed the car, which Ms. VanHorn was leaning against, and thereby caused her to fall to the ground. In either instance the jury could reasonably infer that the contact—with the car frame or the ground—was harmful or offensive.

■ Ms. Johnston also contends she was prejudiced by an insufficient charging document because it did not specify whether she was being charged as a principal or an accomplice. Given the fact the State charged her as a principal and tried her as a principal, there was no error. The information, which she concedes includes all elements of the crime, gave Ms. Johnston the requisite notice of the nature of the charge against her. *State v. Davis*, 119 Wn.2d 657, 661, 835 P.2d 1039 (1992). If she were unsure about other matters, a timely request for a bill of particulars would have clarified any concerns. CrR 2.1(c); *State v. Newman*, 63 Wn. App. 841, 850-51, 822 P.2d 308, *review denied*, 119 Wn.2d 1002 (1992). Besides, though it charged her as a principal, the State could have tried Ms. Johnston as an accomplice had it desired to do so. The constitutional right of an accused to be informed of charges against her is not violated when she is found guilty as an accomplice even though the information did not expressly charge aiding and abetting. *State v. Rodriguez*, 78 Wn. App. 769, 771-74, 898 P.2d 871 (1995), *review denied*, 128 Wn.2d 1015 (1996).

■ Finally, Ms. Johnston contends the court should have instructed the jury that she had a right to reasonably resist an unlawful arrest because there was potential evidence of injury to her and a question whether her detention was unlawful. Ms. Johnston did not present any evidence that would support the instruction she now asserts "should have been submitted," nor does she explain whose duty it was to submit the instruction she did not request. Because she has not demonstrated error of

constitutional magnitude, she cannot now raise the issue for the first time. *State v. Scott*, 110 Wn.2d 682, 687-91, 757 P.2d 492 (1988).

■■ Nor was there error. The parties are entitled to jury instructions that, taken as a whole, properly instruct the jury on the applicable law and allow each party the opportunity to argue his or her theory of the case. *State v. Cyrus*, 66 Wn. App. 502, 508, 832 P.2d 142 (1992) (citing *State v. Hoffman*, 116 Wn.2d 51, 804 P.2d 577 (1991)), *review denied*, 120 Wn.2d 1031 (1993). The court's to convict instruction required the State to prove Ms. Johnston assaulted Ms. VanHorn "with intent to prevent or resist the lawful apprehension or detention of the defendant or another person." Another instruction describes the circumstances under which store employees may detain a person. Those instructions are both appropriate, *Miller*, 103 Wn.2d at 795; RCW 9A.16.080; RCW 4.24.220, and adequate, absent evidence that Ms. Johnston was resisting an unlawful arrest that imminently threatened serious physical harm, *State v. Mierz*, 127 Wn.2d 460, 476, 901 P.2d 286 (1995); *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978).

### No. 15123-9-III

### GEORGE RAYMOND ZIMMERMAN

■■ Mr. Zimmerman's appointed counsel filed an *Anders* brief and motion to withdraw. He noted the security agent testified Mr. Zimmerman drew his knife and pointed it at her; Mr. Zimmerman acknowledged he was wearing the knife, but denied taking it out of its sheath; and it was solely the jury's job to decide which version was more credible. Counsel found no meritorious appealable issues in the court's discretionary rulings, either. Because we also find no meritorious issues, we grant counsel's motion to withdraw.

Both convictions are affirmed.

SWEENEY, C.J., and BROWN, J., concur.