# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 70665-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| TAMARA SAMANTHA TRYON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: September 22, 2014 |
| | ) | |

LAU, J. — Tamara Tryon appeals her first degree kidnapping conviction. She contends that reversal is warranted because (1) the to-convict instruction omitted essential elements, (2) an instruction incorrectly defined "knowledge," and (3) the trial court refused her citizen's arrest instruction. Finding no reversible error, we affirm.

On July 17, 2012, Scott Osburn's car ran out of gas. He and Jacob Mogan walked to a nearby 7-Eleven. There, they met Jordan Jefferson and Tamara Tryon. According to Osburn, Jefferson agreed to give Osburn and Mogan a ride to Sedro Woolley if Mogan helped him buy drugs.

When they arrived, Jefferson gave Mogan about $100 to purchase the drugs. Mogan left. Jefferson locked the car and told Osburn to stay in the car until Mogan returned.

After 20 to 30 minutes, Jefferson and Tryon suspected that Mogan had taken the money. Osburn claimed he feared for his safety. He got out of the car and ran into a housing development. Jefferson caught up with him just as he was entering a home. Osburn testified that Jefferson dragged him away from the house while Tryon drove up in the car. They forced him into the back seat, and Tryon sat on him while Jefferson drove off. They told Osburn that he had messed with the wrong people.

Sedro Woolley Police Officer Heather Sorsdal pulled the car over after receiving reports of an incident. Osburn got out of the car and claimed the people inside were trying to kill him.

The State charged Tryon with first degree burglary, first degree kidnapping, felony harassment, and misdemeanor possession of marijuana. The jury convicted Tryon of first degree kidnapping and acquitted her of the remaining charges. She appeals.

## To-Convict Instructions

Tryon first challenges the kidnapping to-convict instruction. She contends reversal is warranted because this instruction omitted essential elements. She argues the State must prove Tryon "(1) knowingly acted without consent; (2) knowingly acted without lawful authority; and (3) knowingly acted in a manner that substantially interfered with another's liberty . . . ." Appellant's Br. at 1. She claims the omission of

-2-

these essential elements relieved the State of its burden to prove each element of the charged offense.

A to-convict instruction "'must contain all of the elements of the crime because it serves as a "yardstick" by which the jury measures the evidence to determine guilt or innocence.'" State v. DeRyke, 149 Wn.2d 906, 910, 73 P.3d 1000 (2003) (quoting State v. Smith, 131 Wn.2d 258, 263, 930 P.2d 917 (1997)). A to-convict instruction that omits an element presents an issue of constitutional magnitude that may be raised for the first time on appeal. State v. Fisher, 165 Wn.2d 727, 753, 202 P.3d 937 (2009). We review to-convict instructions de novo. Fisher, 165 Wn.2d at 753.

The to-convict instruction provided:

> To convict the defendant of the crime of kidnapping in the first degree, as charged in Count 2, each of the following three elements of the crime must be proved beyond a reasonable doubt:
> (1)  That on or about July 17, 2012 the defendant intentionally abducted Scott Osburn,
> (2)  That the defendant abducted that person with the intent
> (a)  to hold the person for ransom or reward, or
> (b)  to facilitate the commission of Delivery or Possession of a Controlled Substance or flight thereafter, or
> (c)  to inflict bodily injury on the person, or
> (d)  to inflict extreme mental distress on that person or a third person; and
> (3)  That any of these acts occurred in the State of Washington.
> If you find from the evidence that elements (1) and (3), and any of the alternative elements (2)(a), (2)(b), (2)(c), or (2)(d), have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty. To return a verdict of guilty, the jury need not be unanimous as to which of alternatives (2)(a), (2)(b), (2)(c), or (2)(d), has been proved beyond a reasonable doubt, as long as each juror finds that at least one alternative has been proved beyond a reasonable doubt.
> On the other hand, if, after weighing all the evidence, you have a reasonable doubt as to any one of elements (1), (2), or (3), then it will be your duty to return a verdict of not guilty.

The court also instructed the jury on the definitions for "abduct" and "restrain":

-3-

Abduct means to restrain a person by either secreting or holding the person in a place where that person is not likely to be found or using or threatening to use deadly force.

Restraint or restrain means to restrict another's movements without consent and without legal authority in a manner that interferes substantially with that person's liberty.

Tryon contends that knowledge that a restraint is unlawful is an essential element of first degree kidnapping. She argues that the word "abduct" is defined as "to restrain" a person by threatening to use deadly force. RCW 9A.40.010(1). "Restrain" is defined as (a) restricting a person's movements, (b) without consent, (c) without legal authority, (d) in a manner which interferes substantially with his or her liberty. RCW 9A.40.010(6).

Tryon cites State v. Warfield, 103 Wn. App. 152, 5 P.3d 1280 (2000). There, the court held that the State was required to prove that the defendants knew they lacked legal authority to restrain a victim for the charge of unlawful imprisonment. Warfield, 180 Wn.2d at 157. Because unlawful imprisonment is a lesser included offense of first degree kidnapping, its elements must be included in the crime of kidnapping. See State v. Porter, 150 Wn.2d 732, 736, 82 P.3d 234 (2004). Tryon thus asserts that the State was required to prove that she knowingly restrained Osburn. According to Tryon, this requires proof that she (1) knowingly acted without Osburn's consent, (2) knowingly acted without legal authority, and (3) knowingly acted in a manner that substantially interfered with Osburn's liberty.

But our Supreme Court recently rejected a rule that definitions constitute an essential element of a crime for purposes of the charging information. State v. Johnson, 180 Wn.2d 295, 302-03, 325 P.3d 135 (2014). The court found the defendant's reliance on Warfield misguided and limited it to those unique cases where a defendant had a

-4-

good faith belief he or she had legal authority to imprison the victim, as was the case in Warfield. Johnson, 180 Wn.2d at 303-04.

Finally, State v. Saunders, 177 Wn. App. 259, 311 P.3d 601 (2013), review denied, 180 Wn.2d 1015 (2014) controls. There, we rejected the nearly identical claim made by Tryon in this case. She acknowledges Saunders controls but argues the case was wrongly decided. She provides no persuasive rationale to depart from Saunders. Tryon's to-convict instruction error claim fails.

"Knowledge" Instruction

Tryon argues in the alternative that the instruction defining "knowledge" "misinformed the jury that the State did not need to prove Tryon knew the restraint was unlawful." Appellant's Br. at 18. The instruction stated:

> A person knows or acts knowingly or with knowledge with respect to a fact circumstance or result when he or she is aware of that fact circumstance or result. It is not necessary that the person know that the fact circumstance or result is defined by law as being unlawful or an element of a crime.
> If a person has information that would lead a reasonable person in the same situation to believe that a fact exists, the jury is permitted but not required to find that he or she acted with knowledge of that fact.
> When acting knowingly as to a particular fact is required to establish an element of a crime, the element is also established if a person acts intentionally as to that fact.

Definitional instructions that relieve the State of its burden of proof may be challenged for the first time on appeal.[1] RAP 2.5(a)(3); State v. Peters, 163 Wn. App. 836, 847, 261 P.3d 199 (2011). The State has the burden to prove every element of the crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068,

---

[1] Tryon challenges for the first time on appeal the knowledge and restraint instructions.

-5-

25 L. Ed. 2d 368 (1970). It is reversible error to instruct the jury in a manner that would relieve the State of this burden of proof. State v. Byrd, 125 Wn.2d 707, 714, 887 P.2d 396 (1995). But jury instructions must be considered in their entirety to determine if there is reversible error in a specific instruction. State v. Schulze, 116 Wn.2d 154, 167, 804 P.2d 566 (1991). There is no error if the instructions, when viewed as a whole, adequately explain the law and enable the parties to argue their theories of the case. Schulze, 116 Wn.2d at 168.

The kidnapping to-convict instruction, quoted above, required the jury to find that Tryon intentionally abducted Osburn. Another instruction defined "restraint" as: "Restraint or restrain means to restrict another person's movement without consent and without legal authority in a manner that interferes substantially with that person's liberty." An instruction defined "intentionally" as: "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result that constitutes a crime."

The instructions read in their entirety properly required the jury to find that Tryon intentionally restrained Osburn without his consent, without lawful authority, and with the objective purpose to accomplish a result constituting a crime. The knowledge instruction did not mislead the jury because the mental state associated with kidnapping is defined in terms of intent, not knowledge. In sum, knowledge is not an essential element of first degree kidnapping. Tryon's knowledge instruction claim fails.

Citizen's Arrest

Tryon assigns error to the the trial court's refusal to instruct the jury on the defense of citizen's arrest.

-6-

We review the trial court's refusal to give a jury instruction based on the evidence for an abuse of discretion and the refusal to give a jury instruction based on the law de novo. State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).

A defendant is entitled to have the jury fully instructed on the defense theory of the case when there is evidence to support it. State v. Fernandez-Medina, 141 Wn.2d 448, 461, 6 P.3d 1150 (2000). This is a due process requirement. State v. Koch, 157 Wn. App. 20, 33, 237 P.3d 287 (2010); U.S. Const. amend. XIV; Wash. Const. art I § 3. The corollary to this rule is that a defendant is not entitled to a jury instruction that is not supported by the evidence. See State v. Ager, 128 Wn.2d 85, 93, 904 P.2d 715 (1995).

A private citizen may properly arrest another without a warrant when the citizen has reasonable and probable cause to believe the other was guilty of a felony. State v. Harp, 13 Wn. App. 239, 242, 534 P.2d 842 (1975). Tryon proposed a citizen's arrest instruction: "A citizen's arrest requires reasonable and probable cause to believe the arrested party guilty of a felony before the arrest will support a search and seizure of the evidence of a crime."

She justified the instruction based on an assertion that Osburn committed a felony—robbery. But the record here demonstrates no facts to support this assertion. Robbery occurs when a person "unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone." RCW 9A.56.190.

Our review of the record indicates no facts to support Tryon's assertion that Osburn committed robbery or any other felony. To the extent Tryon bases her

-7-

instruction on Osburn's participation in a misdemeanor theft, that claim also fails. The requirements for a citizen's arrest involving a misdemeanor are not the same as for a felony. See State v. Garcia, 146 Wn. App. 821, 829, 193 P.3d 181 (2008). And Tryon never requested a citizen's arrest instruction based on the commission of a misdemeanor offense. Because there is no evidence to support the citizen's arrest instruction, the trial court properly refused the instruction.

For the reasons discussed above, we affirm Tryon's judgment and sentence.

Affirmed.

WE CONCUR: