NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRY JAMES,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>ASIAN FAMILY MARKET; KIVON TAYLOR; C. SUN; DELGADO,<br><br>Defendants - Appellees. | No. 24-2656<br><br>D.C. No.<br>2:23-cv-00212-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted March 5, 2026[**]

Before: GOULD, BENNETT, and BADE, Circuit Judges.

Plaintiff-Appellant Henry James ("James") appeals the district court's grant

of summary judgment for Defendants-Appellees on all claims brought under 42

U.S.C. § 1983, and from its denial of James' motions to appoint counsel and to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

compel discovery. The parties are familiar with the underlying facts, so we recount them here only to the extent necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

We review summary judgment rulings *de novo*. *Animal Legal Def. Fund v. FDA*, 836 F.3d 987, 988 (9th Cir. 2016) (per curiam). Discovery orders and appointment of counsel motion rulings are reviewed for abuse of discretion. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (discovery); *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (appointment).

1. Defendant Officer Juan Delgado ("Officer Delgado") is entitled to summary judgment on James' retaliation and due process claims. There is no genuine dispute of material fact that Officer Delgado's actions were the proximate cause of James' alleged treatment in his holding cell. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) (defendant's actions must be the factual and proximate cause of plaintiff's "claimed injury" in § 1983 cases). Officer Delgado allegedly made a comment about James' pending lawsuit against another officer, and then dropped him off at his cell and had no further interactions with him.

---

[1] Although the orders denying James' motions to compel and to appoint counsel were not designated in the notices of appeal, we nonetheless have appellate jurisdiction over these orders. Defendants had notice of these issues because they were raised—albeit somewhat fleetingly—in James' opening brief, and Defendants did not suffer prejudice because they briefed the issues in their responses. *See Le v. Astrue*, 558 F.3d 1019, 1022–23 (9th Cir. 2009).

2.   Defendant Officer Calvin Sun ("Officer Sun") is entitled to summary judgment on the excessive force claim asserted by James.[2]  Officer Sun's raising of James' arm in order to remove the Asian Family Market's initial handcuffs after placing police handcuffs on James was reasonable.  *See Cortesluna v. Leon*, 979 F.3d 645, 655 (9th Cir. 2020) ("[H]andcuffing is a generally standard and appropriate practice."), *rev'd on other grounds in*, *Rivas-Villegas v. Cortesluna*, 595 U.S. 1 (2021); *Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that some level of force may be used by law enforcement officers to effect arrests).  James acknowledged that Officer Sun was "not trying to hurt" him.

3.   The remaining Defendants are entitled to summary judgment because they were not state actors.  Only those who are acting "under color of state law" can be liable for constitutional deprivations under § 1983.  *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011).  Private actors may be found to be acting "under color of state law" if the plaintiff can establish that private defendants' challenged actions are "fairly attributable to the State."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935, 937 (1982).  Plaintiffs can do so under four different theories: (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus.  *Rawson v. Recovery Innovations, Inc.*, 975

---

[2] The district court also granted summary judgment on unlawful arrest and Equal Protection claims against Officer Sun, which James does not challenge on appeal.

F.3d 742, 747–48 (9th Cir. 2020). Here, the private security guard, Kivon Taylor ("Taylor"), and the Asian Family Market were not performing a public function; in Washington, "[s]tore personnel may detain a suspected shoplifter if they have reasonable grounds to believe the person is committing or attempting to commit theft or shoplifting." *State v. Garcia*, 193 P.3d 181, 183 (Wash. Ct. App. 2008). There was no joint action or government nexus here because the Asian Family Market and the police did not act in concert; Taylor had detained James, called police, and then handed him off to the police when they arrived. *See Stanley v. Goodwin*, 475 F. Supp. 2d 1026, 1038 (D. Haw. 2006) *aff'd* 262 Fed. App'x 786 (9th Cir. 2007) (affirming grant of motion to dismiss § 1983 action under similar circumstances). James does not and could not allege that the police compelled or coerced Taylor into detaining James and handing him off to Officer Sun.

4. The district court did not abuse its discretion in denying James' motion to compel discovery. Before a party may file a motion to compel discovery, the party must meet and confer with the opposing party. Fed. R. Civ. P. 37(a)(1). James did not meet and confer with Defendants before filing his motion to compel discovery. The district court did not abuse its discretion by denying James' motion to compel discovery because of James' failure to meet and confer before filing the motion to compel.

5. The district court also did not abuse its discretion by denying James'

4     24-2656

motion to appoint counsel. To be appointed counsel in a civil case, a party must show that "exceptional circumstances" exist and that they are indigent. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (exceptional circumstances must exist); 28 U.S.C. § 1915(e)(1) (inability to afford attorney is a prerequisite for a court to appoint a lawyer in a civil case). Likelihood of success on the merits and complexity of the case inform whether "exceptional circumstances" exist. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Here, James never established that he was indigent. Even if he had, his claims are not complicated on the law or facts, and for the reasons described above, we conclude that his claims are without merit.

6. We decline to address James' judicial misconduct claim raised for the first time on appeal. *See Palmer v. Hobbs*, 150 F.4th 1131, 1145 (9th Cir. 2025) ("It is well established that 'we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.'" (citation omitted)). James did not address why, despite his raising the judicial misconduct claim for the first time on appeal, we should exercise our discretion to review it.

**AFFIRMED**.